AUTOMATIC WEIGHING MACH. CO. v. PNEUMATIC SCALE CORPORATION, Limited.

(Circuit Court, D. Maine. December 22, 1911.)

No. 582.

PATENTS (§ 328\*)—INFRINGEMENT—AUTOMATIC WEIGHING MACHINE.
    Certain modifications of machines, previously found to infringe the Thomas patent, No. 766,004, for improvements in automatic weighing machines, brought in by supplemental bill, *held* not to avoid such infringement, and the decree for injunction and accounting extended to such modified machines.

In Equity. Suit by the Automatic Weighing Machine Company against the Pneumatic Scale Corporation, Limited. Hearing on supplemental bill. Decree for complainant.

Phillips, Van Everen & Fish, Benjamin Phillips, and Elmer P. Howe, for complainant.

Fish, Richardson, Herrick & Neave, William K. Richardson, and J. Lewis Stackpole, for defendant.

PUTNAM, Circuit Judge. This case was tried on the 19th instant as to the questions involved, which ultimately resolved themselves

into mere questions of fact; and, as the case was forcibly and clearly argued on each side, it is quite probable that more would be lost than gained by holding it under advisement. At any rate, it is the purpose of the presiding judge to close everything pending before him before the Circuit Court expires on the 31st instant.

The case came originally before the court on bill, answer, and proofs (158 Fed. 415), and went to the Circuit Court of Appeals in the matter shown by the opinion in that court of January 5, 1909, 166 Fed. 288, 92 C. C. A. 206. There the claims now in issue were sustained, and infringement declared, and a judgment for an accounting and injunction ordered; and mandate came back to this court accordingly. Therefore it follows that, on subsequent hearings in this court, it is a matter of law that the claims now in issue are valid. It is true that the Circuit Court of Appeals discussed in its opinion only the questions of priority; but that fact creates no distinction, and gives this court no peculiar authority in dealing with the claims of the patent.

The present proceeding relates to modifications in the machine of the respondent, which was not before the court until brought in by supplemental bill, now the pending matter.

The facts of the litigation are sufficiently explained in the opinion to which we have referred to relieve us from detailing them, except to a very limited degree. Seven claims are in issue, of which we accept claim 7 as a type, which is as follows:

(7) "In a weighing and package-filling machine, the combination of two hoppers, mechanism which carries the package first to a position where one hopper discharges *directly* into the package, mechanism which cuts off the flow from the first hopper when the package is partially filled, mechanism which then transfers the package to the scales, mechanism which opens the flow from the second hopper directly into the package while on the scales, and mechanism which is actuated by the tipping of the scales to cut off the flow, substantially as described."

The machine brought to the attention of the court, independently of the modifications now in question, was admittedly an infringement, and contained all the elements of claim 7, arranged as therein stated, and for the purposes therein stated.

On the face of claim 7, it offers a broad construction and shows a very important invention. There have been produced to us certain facts in reference to the prior art which were not developed at the hearing on bill, answer, and proofs, or which, at any rate, were not specifically considered by the Circuit Court of Appeals; and also some other facts are pressed on us which, except for the intervening judgment of the Circuit Court of Appeals, might well induce us to give the claims a narrow construction and limit them to very specific details. Considering, however, that we are acting under mandate from the Circuit Court of Appeals, we are not authorized to proceed in that direction; but we must leave it to the Circuit Court of Appeals, on an appeal from us, to exercise its own authority in reference thereto. Taking claim 7 as it is, and giving it the natural construction according to its terms, which is the only construction we are authorized to give it, it appears to us that, without undertaking to enlarge on the details of the modifications to which the supplemental bill relates, all we need say is that the modifications are wholly immaterial

with reference to the substantial result which complainant's invention sought to accomplish, and, therefore, of course, ineffectual to modify the conclusion. Whichever modification, if any, has any advantage, is merely in a parallel line with the result originally sought, and does not contribute to it.

We refer in this to the modification described by the respondent as the worm feed, in which we discover some advantages for certain purposes; but we discover none whatever with reference to the modification known as the bucket-wheel feed. The worm feed is first heard of by us in a patent issued to William H. Doble on February 10, 1903. In some respects the invention described in that patent contains some additional elements which we do not find in the patent before us. It also provides for two hoppers, like the patent before us, but under some circumstances, for a single hopper. So far as the first Doble hopper is concerned, where there are two, or the only hopper where there was only one, the Doble invention was precisely the same as this here. His application was filed later than the application before us, although the patent issued earlier. Therefore it does not affect the state of the art, except as explanatory; and we adopt the phraseology of the Doble patent as the convenient method of expressing our precise views. Doble's specification states that his machine employs an "agitator which works in conjunction with the worm to furnish a uniform flow." The uniform flow, under different forms of expression, characterizes the complainant's invention, so that, using Doble's language, which we adopt, uniform flow is found notwithstanding the worm feed. The explanation of the worm feed in Mr. Doble's specification, which is also adopted as part of our statement, is that it is useful in connection with fine goods like cocoa; but it is operated automatically in all respects, as the valves which respondent claims for present purposes to be a necessary element in the complainant's device. What we especially refer to in connection with Doble is that his testimony is found in the present record. He was called by the respondent, and, in response to the question whether the worm-feed machines are adapted to deliver free flowing goods, states as follows:

"Impossible. Free-flowing material with the screw would continue to flow continuously through the convolutions of the screw."

This clearly means that, notwithstanding the worm feed, the respondent's device, for normal materials, continues the flow continuously, precisely in the form demanded by the complainant's patent, all of which shows that the worm screw is purely a collateral incident, and not an essential step in the progress of the flow called for by the complainant.

Moreover, we are utterly unable to see that either form of the peculiar feeds shown by the respondent operates as a measuring device in any proper sense of the word, although this is claimed by the respondent. The amount of goods delivered through either feed depends absolutely on the amount of time the feed is allowed to operate, which time is regulated automatically as shown in the complainant's patent.

Therefore, possessing only the limited authority which we possess under the circumstances, we must render a decision in favor of the complainant on the supplemental bill now before us, and the clerk will enter a judgment in the following form:

The court having duly considered the supplemental bill filed on April 18, 1910, and heard counsel in reference thereto, it is hereby

Ordered, adjudged, and decreed that the decree heretofore entered for an accounting and an injunction is hereby supplemented and amended, so as to include in such accounting and injunction all forms of the respondent's machines set out in said supplemental bill, and the master heretofore appointed in the original cause is directed to proceed accordingly, and all questions of costs are reserved until the final judgment.